Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Russell Goslin

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **RUSSELL GOSLIN,** | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **CITIZENS FINANCIAL GROUP, INC.,** | **(Unlawful Debt Collection Practices)** |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Russell Goslin ("Plaintiff"), through his attorneys, alleges the following against Defendant, Citizens Financial Group, Inc. ("Defendant"):

# INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Texas Fair Debt Collection Practices Act ("TFDCPA"), TEX. FIN. CODE 392, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

# JURISDICTION AND VENUE

3. Plaintiff resides in the State of Texas, and therefore, personal jurisdiction is established.

4. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Frisco, Denton County, Texas.

7. Plaintiff is a "consumer" as defined by the TFDCPA, TEX. FIN. CODE 392.001(1).

8. Defendant is a "debt collector" as defined by the TFDCPA, TEX. FIN. CODE 392.001(6).

9. Defendant is a financial services company with its headquarters located in Providence, Rhode Island.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. On or about May 17, 2016, Defendant began placing calls to Plaintiff's cellular phone number (972) 977-0340 in an attempt to collect an alleged debt.

13. A number of the incoming calls came from 845-770-0060, 866-327-1292, 321-430-1970, 512-291-9590, 469-844-1880, and 646-389-3944; upon information and belief, these numbers are owned or operated by Defendant.

14. Between May 17, 2016 and June 6, 2016, Mr. Goslin had received no less than thirty-six (36) calls from Defendant.

15. On or about June 7, 2016 at 5:37p.m., Mr. Goslin faxed a revocation letter to Citizens Bank, fax number: 401-462-9532, with a request to end all calls. On that same day, Mr. Goslin was called three (3) times after having unequivocally revoked consent to be contacted on his cellular phone.

16. Despite Plaintiff's request, Defendant continued to call Plaintiff on his cellular phone ninety-six (96) times.

17. On August 3, 2016, Plaintiff's Attorney, Price Law Group, sent Defendant a representation and demand letter via fax.

18. Despite Defendant knowing Plaintiff was represented by counsel, Defendant continued to call Plaintiff on his cellular phone for a total of thirteen (13) times.

19. Defendant called Plaintiff on his cellular phone a total of one hundred nine (109) times after having revoked consent both personally and by representative counsel.

20. In total, from the time that Defendant initiated contact, between May 17, 2016 and August 24, 2016, Plaintiff was contacted one hundred and forty-six times (146) despite having unequivocally revoked consent to be contacted on his cellular phone.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff

     at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

24. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Texas Fair Debt Collection Practices Act,**

**Tex. Fin. Code 392)**

25. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

26. Defendant violated the TFDCPA.  Defendant's violations include, but are not limited to, the following:

a. Defendant violated Tex. Fin. Code 392.302(4) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

b. Defendant violated Tex. Fin. Code 392.302(2) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

c. Defendant violated Tex. Fin. Code 392.303 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   i. Defendant violated Tex. Fin. Code 392.303 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   ii. Defendant violated Tex. Fin. Code 392.303by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

  iii. Defendant violated TEX. FIN. CODE 392.303 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

  iv. Defendant violated TEX. FIN. CODE 392.303 by violating 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

27. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the TFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the TFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Russell Goslin, respectfully requests judgment be entered against Defendant, Citizens Financial Group, LLC for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL
- 8 -

A. Injunctive relief pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(1);

B. Actual damages pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2);

C. Costs and reasonable attorneys' fees pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2)(b);

D. No less than $100.00 per violation of this chapter pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2)(b); and

E. Statutory damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B); and

F. Any other relief that this Honorable Court deems appropriate.

//
//

RESPECTFULLY SUBMITTED,

Dated: October 18, 2016            By: */s/ Stuart Price*

Stuart Price, Esq.
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Russell Goslin